IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KINDLE DEWAYNE TAYLOR, §<br>　#19171509, §<br>　　　Movant, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>　　　Respondent. § | CIVIL CASE NO. 3:23-cv-02865-N<br>(CRIMINAL NO. 3:20-cr-00483-N-1) |

### MEMORANDUM OPINION AND ORDER

Before the court are Movant Kindle Dewayne Taylor's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and the Government's motion to dismiss as time barred. Doc. 9. Upon review, the motion is **GRANTED** and the § 2255 motion is **DISMISSED WITH PREJUDICE** as time barred.

**I.    BACKGROUND**

Movant pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and, on January 14, 2022, was sentenced to 78 months' imprisonment. Crim. Doc. 33.[1] He did not appeal but filed this § 2255 motion on December 27, 2023. Doc. 1. He asserts that subsequent changes in the law—specifically the decision in *United States v. Bullock*, 679 F.Supp.3d 501 (S.D. Miss. June 28, 2023), which held that § 922(g)(1) is unconstitutional— reset the statute of limitations, making his § 2255 motion timely filed. Doc. 1 at 1. Movant later filed an amended § 2255 motion in response to the court's deficiency order, reiterating his arguments. Doc. 4. The Government then moved to dismiss, contending that § 2255(f)(3) does not reset his limitations period. Doc. 9. Movant has not filed a reply.

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Taylor*, No. 3:20-cr-00483-N-1. And all "Doc." citations refer to this § 2255 case.

After review of all pleadings and the applicable law, the court concludes that Movant's § 2255 motion is barred by the applicable limitations period and should be dismissed.

## II.  ANALYSIS

### A.  The § 2255 Motion is Time Barred

A motion under 28 U.S.C. § 2255 is subject to a one-year limitations period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It is undisputed that Movant's motion is untimely under § 2255(f)(1) as it was filed more than one year after his conviction became final on January 28, 2022—the last day he could have filed a timely direct appeal from the January 14, 2022, judgment. *See* Fed. R. App. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). Calculated from that date, Movant's § 2255 motion was due by January 28, 2023. But Movant did not file his § 2255 motion until December 27,

2023—treated filed at the earliest as of December 21, 2023. Thus, Movant's motion is untimely under § 2255(f)(1).[2]

To overcome the limitations period in § 2255(f)(1), Movant relies on a decision from the Southern District of Mississippi, *United States v. Bullock*, 679 F.Supp.3d 501 (S.D. Miss. June 28, 2023), *appeal docketed*, No. 23-60408 (5th Cir. July 31, 2023). Doc. 4 at 13. He mentions neither § 2255(f)(3) nor *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), as they would doom his claims.

Section 2255(f)(3), however, "gives § 2255 applicants one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting 28 U.S.C. § 2255(f)(3)). Thus, § 2255(f)(3) applies only if the right has been (1) "newly recognized" by the Supreme Court and (2) made retroactively applicable to cases on collateral review. *Id*. at 358. Stated another way, only United States Supreme Court decisions—not district court decisions such as *Bullock*—can trigger § 2255(f)(3).

Likewise, even if Movant had relied on *Bruen* and any possible newly recognized right, his motion is untimely because he did not file it within one year of the *Bruen* decision. *See Dodd*, 545 U.S. at 357; *Jasso v. United States*, No. 2:23-CV-192-D, 2024 WL 733635, at *2 (N.D. Tex. Feb.

---

[2] Although Movant did not date his original § 2255 motion, he mailed it in a Bureau of Prison envelope from his prison unit. Doc. 1 at 2-3. The § 2255 motion is thus deemed filed at the earliest on December 21, 2023, when it was post-marked. Doc. 1 at 3. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use the jail/prison's mail system).

22, 2024) (Fitzwater, J.) ("[E]ven if . . . *Bruen* provides a newly recognized right that retroactively applies (a question the court need not reach), [Movant's] motion is untimely because he did not file it within one year of . . . *Bruen*."). Thus, Movant's § 2255 motion is clearly outside the one-year limitations period.

### B. There is No Basis for Equitable Tolling

Movant posits no facts from which the court can find that equitable tolling applies. Doc. 4 at 18. Even when liberally construed, his pleadings present no argument or fact suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion earlier, and no grounds for equitable tolling are apparent to the court. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (finding that equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").

Accordingly, Movant cannot carry his burden of establishing that equitable tolling is warranted here. *See United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

### III. CONCLUSION

For all these reasons, the Government's Motion to Dismiss is **GRANTED** and Movant's motion to vacate sentence under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

SO ORDERED September 26, 2024.

_____
UNITED STATE DISTRICT JUDGE